IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**Paul Milton Hofer and**<br>**Shannon Maureen Hofer**<br><br>Paul Milton Hofer and<br>Shannon Maureen Hoffer, Plaintiffs<br><br>Vs.<br><br>New Rez, LLC<br>GMAC Mortgage Corporation d/b/a ditech.com<br>Ditech, LLC f/k/a GreenTree Servicing, LLC<br>The Bank of New York Mellon, f/k/a<br>Ditech Financial, LLC | Chapter 13<br><br>CASE NO: 1:19-bk-01311-HWV<br><br>Adversary |

## COMPLAINT TO DECLARE LIEN SATISFIED

**AND NOW**, this 16th day of May, 2025, the Debtors, Paul Milton Hofer and Shannon Maureen Hofer, by and through their attorney, Dawn Marie Cutaia, file this Complaint to Declare Lien Satisfied, and in support thereof state the following:

1. Debtors filed a Chapter 13 Bankruptcy on March 30, 2019.

2. Debtors' First Amended Plan was confirmed on February 13, 2020.

3. Debtors have received their discharge and their bankruptcy case was closed, until it was reopened to file this Complaint.

4. Debtor Paul Hofer gave a Mortgage to GMAC Mortgage Corporation d/b/a ditech.com on May 22, 2006 (hereinafter "Mortgage"). The Mortgage was recorded on June 8, 2006 with the York County Recorder of Deeds at Book 1816 and Page 7679. This Mortgage was a second mortgage on Debtors' property located at 10 Ness Court, Loganville, York County, Pennsylvania.

5. Ditech Financial, LLC f/k/a GreenTree Servicing LLC, filed **Proof of Claim 19** and attached the Mortgage to the Proof of Claim on June 7, 2019.

6. Debtors' Plan stripped the second Mortgage held by GMAC Mortgage Corporation d/b/a Ditech (Proof of Claim 19).
7. As a result of the banking crisis in 2007, Ditech filed Chapter 11 bankruptcy and as a result of that restructuring, Ditech's residential mortgage loans were divided up and taken over by NewRez, LLC.
8. Debtors believe their Ditech mortgage loan was taken over by NewRez, LLC.
9. Ditech was represented by James C. Warmbrodt of KLM Law Group, P.C. His entry of appearance was filed on July 2, 2019. No withdrawal of counsel was ever filed by him and Attorney Warmbrodt is no longer employed by that firm. However, KML Law Group, P.C. did not withdraw their appearance in the case, Docket # 25.
10. An objection to the claim filed byThe Bank of NY Mellon Trust Company N.A fka c/o Ditech Financial LLC was filed by the Trustee on December 21, 2022 (Docket Number 48) because the loan was taken over by NewRez and NewRez's general counsel indicated to the Trustee that the loan had been paid in full. The Trustee objected to the claim because NewRez was returning plan payments to the Trustee.
11. The Trustee's objection was sustained on February 14, 2023.
12. The Mortgage lien has not been marked as satisfied despite the fact that it was stripped and the lender acknowledged to the Chapter 13 Trustee that the loan was paid in full.
13. Counsel for Debtors has made several attempts to resolve this through NewRez's general counsel Chandler Thompson who initially believed NewRez had the loan but later indicated he was not sure if NewRez had the loan.
14. No creditor has attempted to enforce the Mortgage note, or seek payments from Debtors.
15. Debtors believe the Mortgage loan at issue may have been transferred, sold, or otherwise reassigned multiple times between various financial institutions, none of which have taken the necessary steps to ensure clear title or proper satisfaction of the debt.

The original lender has since gone out of business, and the resulting confusion among the succeeding entities has left Debtors in a bureaucratic quagmire, with no single institution willing or able to accept responsibility. This failure to maintain accurate records, to communicate with one another, and to fulfill basic obligations under the mortgage agreement has caused significant harm to Debtors and reflects a broader systemic failure within the mortgage servicing industry to manage the very assets on which they purport to have authority. This overwhelming failure on the part of the mortgage industry leaves it to Debtors to hunt down their lender.

16. Debtors will serve all entities in the caption at their last known address, as well as general counsel for NewRez and KLM Law Group, P.C. which had entered its appearance on behalf of the original creditor Ditech.

17. Pursuant to F.R.B.P. 5009(d), the Court has authority to declare a lien satisfied.

18. Debtors wish to sell their home due to a possible change in employment and cannot do so while the mortgage lien is outstanding. In fact, even if Debtors attempted to pay the loan off, there is no entity who is apparently capable of providing a pay off or even willing to accept the funds.

**WHEREFORE**, Debtors respectfully request this Honorable Court to declare the lien satisfied.

Date: May 16, 2025

Respectfully Submitted:
/s/ Dawn M. Cutaia
Attorney for Debtors
Supreme Court ID: 77965
1701 W. Market Street
York PA 17404
717-304-1841
dmcutaia@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | Chapter 13 |
| --- | --- |
| **Paul Milton Hofer and Shannon Maureen Hofer** | CASE NO: 1:19-bk-01311-HWV |

ORDER

Upon consideration of the Debtors' Complaint to Declare Lien Satisfied, the following relief is granted:

The Mortgage recorded on June 8, 2006 with the York County Recorder of Deeds at Book 1816 and Page 7679, in favor of GMAC Mortgage Corporation d/b/a ditech.com regarding the property located at 10 Ness Court, Loganville, York County, Pennsylvania is hereby marked as satisfied in full and the lien is released.

This Order may be recorded with the York County Recorder of Deeds in York County Pennsylvania.

BY THE COURT: